UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIAMONDROCK TIMES SQUARE OWNER, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMBIENT MECHANICAL CORPORATION, <br><br> Defendant. | Case No.: 25-CV-10118 <br><br> Judge: <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, DIAMONDROCK TIMES SQUARE OWNER, LLC by and through its counsel, Sheps Law Group, P.C. as and for its Complaint against Defendant AMBIENT MECHANICAL CORPORATION, alleges as follows:

## PARTIES

1. Plaintiff DIAMONDROCK TIMES SQUARE OWNER, LLC ("DIAMONDROCK") is and was at all relevant times organized and existing under the laws of Delaware, in good standing, with a principal place of business at 2 Bethesda Metro Center, Suite 1400, Bethesda, Maryland 20814. DIAMONDROCK is 100% owned by DiamondRock Hospitality Limited Partnership ("DRHLP"), a Delaware limited partnership in good standing, with a principal place of business at 2 Bethesda Metro Center, Suite 1400, Bethesda, Maryland 20814. DRHLP is 99.5% owned by DiamondRock Hospitality Company ("DRHC"), a Maryland corporation that is publicly traded. At all relevant times herein, DIAMONDROCK owned the Hilton Garden Inn New York Times Square Central, located at 136 West 42nd Street, New York, New York, 10036 (the "Subject Property").

2. Upon information and belief, Defendant AMBIENT MECHANICAL CORPORATION ("AMBIENT" or "Defendant") is and was at all relevant times organized and existing under the laws of New York, with a principal place of business at 41-20 39th Street, Long Island City, New York 11104.

## JURISDICTION AND VENUE

3. This Court has diversity subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1) because all parties to the case are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of fees and costs.

4. This Court has personal jurisdiction over Defendant since Defendant is incorporated in, and has its principal place of business in New York.

5. Venue is appropriate under 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim, occurred in the Southern District of New York.

## FACTUAL ALLEGATIONS

6. This loss involves water and related electrical damage to the Subject Property on June 7, 2023 (the "date of loss").

7. On or around January 18, 2011, DIAMONDROCK entered in a Hotel Management Agreement ("Agreement") with Highgate Hotels, L.P. ("Highgate") for the Subject Property. Pursuant to the Agreement, including Section 17.1, Highgate is, and was at all relevant times, the Agent of DIAMONDROCK at the Subject Property. The Agreement is signed by DiamondRock Times Square Acquisition, LLC whose name was changed to DiamondRock Times Square Owner, LLC pursuant to a January 25, 2011 Certificate of Amendment to Certificate of Formation filed with the Delaware Secretary of State.

8. On or around April 24, 2023, AMBIENT issued Project Estimate #453 to Highgate, which proposed to install a new balancing valve, grooved BFC and flexible connection on the chilled water pump #2 discharge line at the Subject Property. *See* Project Estimate #453 attached hereto as Exhibit 1.

9. On or prior to June 7, 2023, Highgate, as a duly authorized agent of DIAMONDROCK, authorized AMBIENT to proceed with the work described in Exhibit 1 and on August 15, 2023, AMBIENT issued an Invoice to Highgate for the work completed in Project Estimate #453, said invoice in turn being paid by Highgate as authorized agent for DIAMONDROCK. *See* Invoice attached hereto as Exhibit 2.

10. On or prior to June 7, 2023, AMBIENT began performing the work described in Exhibit 1 and Exhibit 2.

11. Upon information and belief, after replacing a valve on water pump #2, which was located in a mechanical room on the 38th floor of the Subject Property, AMBIENT's employees went to lunch or otherwise exited the mechanical room, and upon returning, found substantial quantities of water discharging from the area of their work and into and upon the surrounding environs in the mechanical room.

12. Once the substantial quantities of water discharged into the surrounding environs in the mechanical room, substantial amounts of water entered a floor level penetration for a 4" Electric Metallic Tubing bank in the mechanical room that while fire stopped and suitable for the location in which it was installed, was not required to be, nor was, watertight.

13. Once the substantial quantities of water entered the floor penetration, the substantial quantities of water traveled down along the penetration, ultimately causing a significant electrical

3

event and failure in a pull/splice box on the 17th floor, causing fuses located at the Subject property to trip as well.

14. As a result of the events described herein, the Subject Property sustained fire, smoke and/or water damage and was without full power until June 13, 2023 and could not be fully reopened until June 14, 2023.

15. At all times relevant hereto, DIAMONDROCK was insured pursuant to one or more policies of insurance issued to DRHC and any owned, controlled, associated or affiliated subsidiary, company, corporation, organization, trust or association as now or may hereinafter be constituted or acquired; the interest of the "First Named Insured" in any partnership or joint venture, to the extent not otherwise insured; and any entity for which the "First Named Insured" has agreed to provide insurance, as their respective rights and interests appear and as defined in the Policy wording.

16. As a result of the aforementioned damages, DIAMONDROCK submitted a claim to its property insurers.

17. As a result of that claim, and pursuant to the strict terms of those policies, and after application of applicable deductibles, said property insurers were obligated to pay, and did pay for DIAMONDROCK's claim.

18. As such, to the extent of payments made, said property insurers have become subrogated to the rights of DIAMONDROCK against the Defendant.

19. This matter is brought on behalf of DIAMONDROCK and its insurers pursuant to CPLR § 1004.

## COUNT I – BREACH OF CONTRACT

20. Plaintiff hereby re-alleges and incorporates the foregoing paragraphs by reference as if fully stated herein.

21. On or around April 24, 2023, AMBIENT issued Project Estimate #453 to Highgate, which proposed to install a new balancing valve, grooved BFC and flexible connection on the chilled water pump #2 discharge line at the Subject Property. *See* Exhibit 1.

22. Highgate, as a duly authorized agent of DIAMONDROCK, authorized AMBIENT to proceed with the work described in Exhibit 1 and on August 15, 2023, AMBIENT issued an Invoice to Highgate for the work completed in Project Estimate #453, said invoice in turn being paid by Highgate as authorized agent for DIAMONDROCK. *See* Exhibit 2.

23. At all times relevant, there existed an implied promise to DIAMONDROCK that AMBIENT would perform its work in a skillful and workmanlike manner.

24. AMBIENT substantially breached its expressed and implied duties in one or more of the following ways:

   a. Failing to perform its work in a good and workmanlike manner;

   b. Failing to test, confirm, or otherwise ensure that the work it performed was free from leaks;

   c. Failing to take all reasonable precaution to prevent the loss from occurring;

   d. Failed to indemnify DIAMONDROCK;

   e. Failing to comply with prevailing industry standards;

   f. Failing to warrant its work;

   g. Any other breaches that may become known during the course of discovery.

25. DIAMONDROCK, by and through its duly authorized agent, Highgate, performed all conditions and promises as required by Project Estimate #453 and the Invoice and AMBIENT's performance and/or failure to perform is not excused by law.

26. As a result of the aforementioned breaches, DIAMONDROCK suffered significant damages.

**WHEREFORE**, Plaintiff respectfully requests this Court award it a judgment against Defendant in the amount of $1,843,528 for the loss as a result of the breach of contract, together with costs, attorney's fees, and expenses, pre- and post- judgment, and any other relief this Court deems just and proper.

## COUNT II – NEGLIGENCE

27. Plaintiff hereby re-alleges and incorporates the foregoing paragraphs by reference as if fully stated herein.

28. At all pertinent times herein, AMBIENT owed a duty to exercise reasonable care in the performance of its work at the Subject Property.

29. AMBIENT breached its duty owed to the Insured through the following acts or omissions including, but not limited to the following:

   a. Failing to test, confirm, or otherwise ensure that the work it performed was free from leaks;

   b. Failing to take all reasonable precaution to prevent the loss from occurring;

   c. Failing to comply with prevailing industry standards;

   d. Any other acts and omissions that may become known during the course of discovery.

30.  As a direct and proximate cause of AMBIENT's negligence, DIAMONDROCK suffered significant damages.

**WHEREFORE**, Plaintiff respectfully request this Court to award it a judgment against Defendant in the amount of $1,843,528 as a result of Defendant's negligence, together with costs, interest, attorney's fees, and expenses, pre- and post- judgment, and any other relief this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury for the aforementioned matter.

Dated:   December 5, 2025

Respectfully Submitted,

By: _____
Robert C. Sheps, Esq. (RS5388)
Gregg E. Opell, Esq. (GO1977)
SHEPS LAWS GROUP, P.C.
25 High Street
Huntington, New York 11743
(631) 249-5600 Telephone
(631) 249-5613 Fax
rsheps@shepslaw.com
gopell@shepslaw.com
*Attorney for Plaintiffs*

and

Matthew R. Cohen (*Pro Hac Vice Pending*)
Melinda A. Davis (*Pro Hac Vice Pending*)
DENENBERG TUFFLEY, PLLC
28411 Northwestern Hwy., Suite 600
Southfield, MI 48034 47034
(248) 549-3900 Telephone
(248) 593-5808 Fax
mcohen@dt-law.com
mdavis@dt-law.com

and

Terence H DeMarzo, Esq.
Cozen O'Connor

3 WTC, 175 Greenwich Street, 55th FL
New York, NY 10007
(212) 453-3792 Telephone
tdemarzo@cozen.com

*Attorneys for Plaintiffs*